**Gabriel S. Gladstone**
+1.617.341.7988
Gabriel.Gladstone@morganlewis.com
Fax: +1.617.341.7701

May 4, 2021

**VIA ECF**

Honorable Jesse M. Furman
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1105
New York, NY 10007

Re: *Jean-Claude Franchitti v. Cognizant Technology Solutions Corporation, et al.*, No. 21-cv-02174-JMF

Dear Judge Furman:

This firm represents Defendants Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation ("Cognizant") in the above-referenced matter. Pursuant to the Court's Order, dated March 18, 2021, Cognizant writes to request that Plaintiff's unredacted Complaint, filed on March 12, 2021, continue to be sealed to protect the highly confidential nature of the U.S. Equal Employment Opportunity Commission ("EEOC") conciliation process. Cognizant further requests that any allegations or briefing related to the confidential conciliation process that are publicly filed be redacted.

As is alleged in the Complaint, Plaintiff Jean-Claude Franchitti ("Franchitti") is a former employee of Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation ("Cognizant"). Franchitti was employed by Cognizant until his termination in July 2016. Following his termination, Franchitti filed a charge with the EEOC, alleging discrimination, and later Cognizant and Franchitti engaged in the EEOC's confidential conciliation process. *See* 42 U.S.C. § 2000e-5(b). The conciliation process was not successful. On October 26, 2020, the EEOC issued a Right to Sue notice, which provided Franchitti an opportunity to pursue his claims in federal court.

Cognizant requests that confidentiality be maintained in this matter and that any information related to the conciliation process be filed under seal. As provided by statute, "[n]othing said or done during and as part of such informal [conciliation] endeavors may be made public by the Commission . . . <u>or used as evidence in a subsequent proceeding without the written consent of the persons concerned</u>" 42 U.S.C. § 2000e–5(b) (emphasis added). Courts broadly interpret this provision, as failing to do so "undermine[s] the conciliation process itself, because confidentiality promotes candor in

discussions and thereby enhances the prospects for agreement." *See Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 493, 135 S. Ct. 1645, 1655, 191 L. Ed. 2d 607 (2015) (concluding that the district court "failed to give effect to the law's non-disclosure provision"). Protected information includes draft settlement agreements, proposals and counter proposals, notes, and information exchanged during the conciliation process. *See E.E.O.C. v. LifeCare Mgmt. Servs., LLC*, No. 02: 08-CV-1358, 2009 WL 772834, at *4 (W.D. Pa. Mar. 17, 2009) (citing *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 881 (5th Cir. 1981) (the EEOC unlawfully disclosed information from conciliation: "disclosure of these documents by the EEOC is clearly forbidden by referenced statute . . . these documents must be stricken from the record")); *see Equal Emp. Opportunity Comm'n v. CRST Int'l, Inc.*, 351 F. Supp. 3d 1163, 1174 (N.D. Iowa 2018) (striking letter "that appears to have been authored as an attempt to propose terms of conciliation"); *see U.S. E.E.O.C. v. Hotspur Resorts Nevada, Ltd.*, No. 2:10-CV-02265-RCJ, 2012 WL 2415541, at *5 (D. Nev. June 26, 2012) (denying motion to compel disclosure of "handwritten notes . . . relate[d] to conciliation or settlement negotiation").

One court already has considered this precise issue and agreed that it was appropriate to seal documents relating to the EEOC, Cognizant, and Franchitti's conciliation efforts. On December 7, 2020, Franchitti filed a motion to join and for leave to amend the complaint in *Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.*, No. 2:17-cv-06848 (C.D. Cal.), a substantially similar action involving claims of national origin and race discrimination against Cognizant. The Court granted Franchitti's request and added him as a named plaintiff to the ongoing class action's Title VII claims. *See id.*, Order, Dkt. 144. In conjunction with that motion, Franchitti sought to file documents including information related to the EEOC's confidential conciliation process; Cognizant strongly maintained that any documentation or allegations related to the conciliation process must be sealed. *Id.* at Dkts. 110, 113. On December 16, 2020, the Court granted Cognizant's application to require that any documents or allegations that "refer to specific actions taken during conciliation efforts, which are barred from public disclosure without the participants' consent" must be sealed. *See id.*, Order Granting Supplemental Application to Seal Plaintiffs' Unredacted Motion for Leave to Amend and Supporting Documents, Dkt. 138.

As in *Palmer*, any information or documentation related to the conciliation process is protected by statute and is highly confidential. 42 U.S.C. § 2000e–5(b). Cognizant has not provided written consent to disclose such information.[1] *Id.* As such, Cognizant respectfully requests that the Court issue an order requiring that allegations or information related to the confidential conciliation process be redacted, and any unredacted versions of the same documents be filed under seal.

---

[1] Cognizant notes that Franchitti's Complaint attempts to create a claim of retaliation based upon the conciliation process. *See* Plaintiff's Complaint, dated February 16, 2021, ECF Dkt. 1. The parties' unsuccessful attempt to resolve Franchitti's charge does not support a retaliation claim.

Honorable Jesse M. Furman
May 4, 2021
Page 3


Respectfully Submitted,

*/s/ Gabriel S. Gladstone*
Gabriel S. Gladstone


cc: All counsel (via ECF)


SO ORDERED
_____
Jesse M. Furman
United States District Judge

DATED:  May 5, 2021


Defendants' request to keep the unredacted Complaint sealed is GRANTED. The Court agrees that information concerning the conciliation process should be redacted from future filings.  That said, to ensure that redactions are proper (and narrowly tailored), the parties must seek leave to file any such submission in redacted form in accordance with Paragraph 7 of the Court's Individual Rules and Practices.  The Clerk of Court is directed to terminate ECF No. 32.