# Morgan Lewis

**Gabriel S. Gladstone**
+1.617.951.7988
Gabriel.Gladstone@morganlewis.com

July 22, 2022

**VIA ECF**

Honorable Jesse M. Furman
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1105
New York, NY 10007

Re:     *Franchitti v. Cognizant Technology Solutions Corporation, et al.*, No. 21-cv-02174-JMF

Dear Judge Furman:

This firm represents Defendants Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation ("Cognizant").  In accordance with the Court's Opinion and Order ("Order"), dated July 8, 2022, Cognizant requests that the filings that have been temporarily sealed remain so to protect the confidential nature of the U.S. Equal Employment Opportunity Commission conciliation process. *See* ECF Nos. 37, 46, 50, 58, 62. Cognizant requests that any of the parties' future filings related to the conciliation process be redacted and that any unredacted versions of the same documents be filed under seal.

As Cognizant has previously stated, 42 U.S.C. § 2000e–5(b) provides that the parties may not "use[] as evidence" anything "said or done during and as a part of [the conciliation process] . . . without the written consent of the persons concerned." *Id.* (emphasis added).  Therefore, any information or documentation related to the conciliation process is protected by statute.  *Id.* Courts broadly interpret this confidentiality provision, as failing to do so "undermine[s] the conciliation process itself."  *See Mach Mining, LLC v. E.E.O.C.*, 575 U.S. 480, 493 (2015). Protected information includes draft settlement agreements, proposals and counter proposals, and information exchanged during the process.  *See E.E.O.C. v. LifeCare Mgmt. Servs., LLC*, No. 02: 08-CV-1358, 2009 WL 772834, at *4 (W.D. Pa. Mar. 17, 2009).  The confidentiality requirement applies to the parties themselves – both Franchitti and Cognizant are prohibited from using conciliation information in public filings, absent consent from both parties.  *See E.E.O.C. v. Sol Mexican Grill, LLC*, 415 F. Supp. 3d 5, 17 (D.D.C. 2019) (citing *Mach Mining*, 575 U.S. at 492-93) ("The prohibition on the use of conciliation information applies to both the complainant [and] the employer.").

**Morgan, Lewis & Bockius** LLP

One Federal Street
Boston, MA  02110-1726         T +1.617.341.7700
United States                              F +1.617.341.7701

Honorable Jesse M. Furman
July 22, 2022
Page 2

The U.S. District Court for the Central District of California has already considered whether allegations related to Franchitti's conciliation efforts should remain sealed and agreed that it was appropriate to seal them.  See *Palmer, et al. v. Cognizant Technology Solutions Corporation, et al.*, No. 2:17-cv-06848 (C.D. Cal.), Dkt. 138.  In *Palmer*, the Court granted Cognizant's application to seal any documents or allegations that "refer to specific actions taken during conciliation efforts, which are barred from public disclosure without the participants' consent."  *Id*.

The fact that many details related to the conciliation are discussed in the Court's Order does not mean that the parties' confidentiality obligations are waived.  See *Sol Mexican Grill, LLC*, 415 F. Supp. 3d at 17 (the public filing of conciliation information did not result in waiver of a party's entitlement to confidentiality); see *E.E.O.C. v. Mach Mining, LLC*, No. 3:11-CV-00879-JPG, 2012 WL 3800787 at *2 (S.D. Ill. July 13, 2012) (finding no waiver of right to confidentiality where the parties had not "*voluntarily placed* any details of the conciliation process into public view") (emphasis added).  In *Mach*, the Court explained that "written consent" must be provided by the parties to permit public disclosure of conciliation information.  *Id.*  The Court concluded that the Defendant had not voluntarily disclosed any details of the conciliation and therefore denied the EEOC's "Motion to Deem Confidentiality of Conciliation Waived."  *Id.*

The Complaint, Amended Complaint, and the corresponding motions to dismiss include more details about the conciliation than the Order, and information related to the conciliation process remains confidential by statute.  Cognizant has not provided written consent to disclose such information.

As such, Cognizant respectfully requests that filings that have been temporarily sealed remain sealed, allegations or information related to the conciliation process in the parties' filings remain redacted, parties' future public filings related to the conciliation process be redacted, and unredacted versions of the same documents be filed under seal.

   Respectfully Submitted,

   */s/ Gabriel S. Gladstone*

   Gabriel S. Gladstone


cc: All counsel (via ECF)

   Application GRANTED.  The Clerk of Court is directed to terminate Docket No. 73.

   SO ORDERED.

   [signature]

   August 1, 2022