UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                                         :

JEAN-CLAUDE FRANCHITTI,                                  :

                            Plaintiff,                              :                21-CV-2174 (JMF)

-v-                        :              MEMORANDUM OPINION
                                                                               :                    AND ORDER

COGNIZANT TECHNOLOGY SOLUTIONS CORP.    :
and COGNIZANT TECHNOLOGY SOLUTIONS U.S.
CORP.,                                                              :

                            Defendants.                         :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff filed a letter-motion with respect to a discovery dispute and a related letter-motion to seal. *See* ECF Nos. 84-86. The letter-motion to seal is GRANTED substantially for the reasons set forth in the parties' letters. *See* ECF Nos. 84, 88. By contrast, Plaintiff's letter-motion seeking leave to use certain documents produced in the *Palmer* case is DENIED, substantially for the reasons set forth in Defendants' response. *See* ECF No. 87. Put simply, most, if not all, of the materials at issue are not relevant to the retaliation claims remaining in this case. At most, some subset of the materials could be relevant to whether Plaintiff had a "good faith, reasonable belief (assessed in light of the totality of the circumstances) that [he] was opposing an employment practice made unlawful by" the relevant statutes. *Paupaw-Myrie v. Mount Vernon City Sch. Dist.*, No. 21-CV-11237 (CS), 2023 WL 1109702, at *12 (S.D.N.Y. Jan. 30, 2023) (internal quotation marks omitted). But Defendants may not dispute the good faith or reasonableness of Plaintiff's belief — in which case there would be no need for any such discovery. And, in any event, only information or materials actually known to Plaintiff at the time could be relevant for that purpose — and most, if not all, of the materials at issue do not fall into that category. Accordingly, the discovery letter-motion is DENIED, albeit without prejudice to a renewed motion for a narrower set of materials if Plaintiff feels that they are relevant to his good faith, reasonable belief. Before any such motion, however, the parties shall meet and confer in accordance with the Court's standard procedures.

       Additionally, the April 11, 2023 pretrial conference, previously adjourned *sine die*, *see* ECF No. 82, is hereby RESCHEDULED to **April 19, 2023**, at **9:00 a.m.** The parties should refer to the Case Management Plan, ECF No. 79, for information about their required joint letter and how to call in to the conference.

The Clerk of Court is directed to terminate ECF Nos. 84 and 88.

SO ORDERED.

Dated: March 1, 2023
      New York, New York

_____
JESSE M. FURMAN
United States District Judge