```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JEAN-CLAUDE FRANCHITTI,                                           :
                                                                  :
                          Plaintiff,                              :
                                                                  :        21-CV-2174 (JMF)
              -v-                                                 :
                                                                  :        OPINION AND ORDER
COGNIZANT TECHNOLOGY SOLUTIONS                                    :
CORPORATION, et al.,                                              :
                                                                  :
                          Defendants.                             :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Jean-Claude Franchitti brings retaliation claims against his former employers, Defendants Cognizant Technology Solutions Corp. and Cognizant Technology Solutions U.S. Corporation (together, "Cognizant"), under Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law.  See ECF No. 46 ("Compl."), ¶¶ 52-81.  More specifically, Franchitti alleges that Cognizant terminated his employment because he spoke out against the company's unlawful efforts to eliminate experienced non-Indian employees in its workforce, questioned the legality of fraudulent visa applications the company was submitting to on behalf of Indian workers, and complained about discrimination.  See id. ¶¶ 17-22, 24-26, 29, 37-39, 40.  Trial is scheduled to begin on October 20, 2025.  See ECF No. 147.[1]

---

[1] The Court has another case scheduled for trial on October 20, 2025: *United States v. Castillero et al.*, 23-CR-622.  Because it is a criminal case, it takes precedence over this case.  Accordingly, commencement of the trial on October 20, 2025, in this case is contingent on cancellation or adjournment of the trial in that case.  If the parties desire more certainty as to a trial date, they may want to consider consenting to the jurisdiction of the assigned Magistrate Judge for all purposes using the form for that purpose available on the Court's website.

Cognizant proposes to call Rona E. Wexler and Richard V. Turner as expert witnesses at trial to testify about Franchitti's efforts (or lack thereof) to obtain employment following his termination in 2016.  *See* ECF No. 149-2 ("Wexler and Turner Report").  Wexler and Turner co-authored a report (the "Wexler and Turner Report") that presents their opinion that "Dr. Franchitti failed [to] perform[] a reasonably diligent job search since his separation from Cognizant."  *Id.* at 3.  To rebut the opinions of Wexler and Turner, Franchitti proposes to call at trial Roberto J. Cavazos, who authored an "Expert Rebuttal Report" (the "Cavazos Report") in response to the Wexler and Turner Report.  *See* ECF No. 149-1 ("Cavazos Report").  Now pending are motions from each side to exclude some or all of the testimony of the other side's experts.  For the reasons that follow, Franchitti's motion to preclude Wexler's and Turner's testimony is GRANTED in part and DENIED in part, and Cognizant's motion to preclude Cavazos's testimony is GRANTED.  The net result is that Turner and only Turner may testify.

## LEGAL STANDARDS

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides that

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. In *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), the Supreme Court emphasized the "gatekeeping role" of district courts with respect to expert testimony, declaring that "the Rules of Evidence — especially Rule 702 — . . . assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* at 597; *see also Troublé v. Wet Seal, Inc.*, 179 F. Supp. 2d 291, 302 (S.D.N.Y. 2001) ("[The] proffered testimony . . . must not only have a reliable foundation but also be relevant in that it 'fits' the facts of this case."). "The Rule 702 inquiry is a flexible one that depends upon the particular circumstances of the particular case at issue." *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2016 WL 4077117, at *2 (S.D.N.Y. Aug. 1, 2016) (internal quotation marks omitted); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-52 (1999) (explaining that because "there are many different kinds of experts, and many different kinds of expertise," a court must be granted "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable").

The focus of the Court's analysis "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. Ultimately, "expert testimony should be excluded if it is speculative or conjectural, or if it is based on assumptions that are so unrealistic and contradictory as to suggest bad faith, or to be in essence an apples and oranges comparison." *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996) (cleaned up). The Court should not "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Nor should an expert be permitted to either "supplant the role of counsel in making argument at trial," *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 541 (S.D.N.Y. 2004) (internal quotation marks omitted), or merely "construct[] a factual narrative based upon record evidence," *Anderson*

*News, L.L.C. v. Am. Media, Inc.*, No. 09-CV-2227 (PAC), 2015 WL 5003528, at *2 (S.D.N.Y. Aug. 20, 2015), *aff'd*, 899 F.3d 87 (2d Cir. 2018) (internal quotation marks omitted).  Relatedly, expert testimony regarding "an ultimate determination that [is] exclusively within [the jury's] province," including witness credibility, must be precluded, *Nimely v. City of New York*, 414 F.3d 381, 398 (2d Cir. 2005), as must testimony "on issues of law," *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991).

By contrast, "other contentions that the assumptions are unfounded go to the weight, not the admissibility, of the testimony." *Boucher*, 73 F.3d at 21 (internal quotation marks omitted). "[T]he traditional and appropriate means of attacking shaky but admissible evidence" are not exclusion, but rather "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596. Moreover, "[a]lthough a district court should admit expert testimony only where it is offered by a qualified expert and is relevant and reliable, exclusion remains the exception rather than the rule." *In re Gen. Motors*, 2016 WL 4077117, at *2 (internal quotation marks omitted); *see also Nimely*, 414 F.3d at 395 ("Rule 702 embodies a liberal standard of admissibility for expert opinions . . . .").

## DISCUSSION

The Court will begin with Franchitti's motion to exclude Wexler and Turner's testimony, *see* ECF No. 151 ("Pl.'s Mem."), before turning to Cognizant's motion to exclude Cavazos's rebuttal testimony, *see* ECF No. 149 ("Defs.' Mem.").

### A.  Franchitti's Motion

Franchitti asserts three bases for excluding the testimony of Wexler and Turner. The Court will consider each in turn, albeit in an order different from Franchitti's own.

First, Franchitti argues that the co-authored Wexler and Turner Report fails to comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. *See* Pl.'s Mem. 16-18. That Rule requires an expert's report to disclose "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Franchitti contends that the Wexler and Turner Report runs afoul of that requirement because it makes no "distinction as to which opinions are attributable to which expert." Pl.'s Mem. 17.

Joint expert reports are not "inherently impermissible" — indeed, "[c]o-authored expert reports aren't exactly uncommon." *Dale K. Barker Co., P.C. v. Valley Plaza*, 541 Fed. App'x 810, 815-16 (10th Cir. 2013) (summary order) (Gorsuch, J.); *see also Precision Trenchless, LLC v. Saertex multiCom LP*, No. 3:19-CV-0054 (JCH), 2022 WL 594096, at *22 n.27 (D. Conn. Feb. 28, 2022) ("Joint authorship of an expert opinion does not, *per se*, violate Rule 26(a)."). And where the co-authors "reviewed the same materials and, working together, came to the same opinions" and are "both prepared to testify to all the opinions in the report," there is "no reason why it would be inherently impermissible for them to file a joint report." *Valley Plaza*, 541 Fed. App'x at 816. On the other hand, Rule 26(a) may be implicated when "it isn't clear whether both experts adhere to all of the opinions in the report and they do not delineate which opinions belong to which expert," *id.*, so as to "impede the opposing party's preparation of effective cross-examination," *Precision Trenchless, LLC*, 2022 WL 594096, at *22.

In this case, Cognizant argues that Rule 26(a) does not require that the Wexler and Turner Report distinguish between the two experts' opinions because "Wexler and Turner each hold all the opinions outlined in the report (and are independently qualified to render those opinions)." ECF No. 157 ("Defs.' Opp'n"), at 19. To the extent that is the case, however, it points to a different problem with Cognizant's stated intention to call both Wexler and Turner as experts:

5

Allowing them to do so would run afoul of Rule 403 of the Federal Rules of Evidence, which calls for exclusion of evidence "if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence." Fed. R. Evid. 403. Perhaps anticipating that problem, Cognizant states in passing that if they "only can present one expert, they intend to call Turner." Defs.' Opp'n 21. And they conspicuously make no case for why they should be permitted to do otherwise. Accordingly, pursuant to Rule 403, the Court will permit Cognizant to call only Turner and, thus, excludes Wexler from testifying. *See, e.g.*, *Reiver v. City of New York*, No. 25-CV-1376 (MKV), 2025 WL 844421, at *2 (S.D.N.Y. Mar. 18, 2025) (precluding a proposed expert witness from testifying because the "proposed expert testimony likely would be needlessly cumulative"); *Williams v. County of Orange*, No. 03-CV-5182 (LMS), 2005 WL 6001507, at *6 (S.D.N.Y. Dec. 13, 2005) (same).

At the same time, the record reveals that there is at least some daylight between the two experts. For example, when asked about the methodology they employed to assess the relevant job market in 2016 and beyond, Wexler noted that she was "going to defer to Dr. Turner to explain that in better detail, because that is his area of expertise," pointing specifically to Turner's work "[c]omparing the different data points . . . from 2016, '17, '18, on through 2023" and "overlaying the data." ECF No. 152-4 ("Wexler Dep."), at 37-38. And when asked about the section of their Report titled "Labor Market Research and Employment Opportunities," *see* Wexler and Turner Report 16-21, Wexler stated, "I think that would best be left to Dr. Turner because he took a deeper dive into this in . . . [p]arsing it out," Wexler Dep. 74-75. Franchitti is entitled to know whether all of the opinions in the Wexler and Turner Report represent the opinions of Cognizant's testifying expert, Turner. To that end, no later than **two weeks after the date of this Opinion and Order**, Cognizant shall reproduce to Franchitti a copy of the Wexler

6

and Turner Report with any portions that Turner does not adopt as his own stricken through. *Cf. Precision Trenchless, LLC*, 2022 WL 594096, at *23 (requiring a party to submit supplemental reports identifying which opinions are attributable to each expert to address the Rule 26(a) problem); *In re East Palestine Train Derailment*, No. 23-CV-0242 (BYP), 2025 WL 360813, at *10 (N.D. Ohio Jan. 31, 2025) (same).

Next, Franchitti argues that Turner should not be permitted to testify that Franchitti failed to conduct a "diligent" job search following his termination. *See* Pl.'s Mem. 11-13. The Court agrees. It is well established that "[v]ictims of employment discrimination are required to mitigate their damages" and "use reasonable diligence in finding other suitable employment." *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 53 (2d Cir. 1998) (internal quotation marks omitted). As courts in this Circuit have repeatedly instructed, however, "[i]t would not be proper for [an expert] to testify as to whether [a plaintiff's] efforts to find comparable employment were 'reasonable' because this is an ultimate question . . . which is for the jury to decide." *Roniger v. McCall*, No. 97-CV-8009 (RWS), 2000 WL 1191078, at *5 (S.D.N.Y. Aug. 22, 2000); *see also Castelluccio v. Intern. Business Machines Corp.*, No. 3:09-CV-1145 (DJS), 2012 WL 5408420, at *3 (D. Conn. Nov. 6, 2012) (holding that the expert witness "will not be permitted to testify that [the plaintiff] did not conduct a 'diligent' job search after his discharge" because that issue "is an ultimate question in this case which is for the jury to decide based on all the evidence and this Court's instructions" (internal quotation marks omitted)); *Wolfe v. Enochian Biosciences Denmark Aps*, No. 21-CV-00053 (CR), 2023 WL 5680111, at *4 (D. Vt. Aug. 24, 2023) (same). Just so here.

That said, Turner may "testify as to what a reasonable job search, in [his] experience, typically consists of, and how [Franchitti's] job-search efforts compare." *Joffe v. King &*

7

*Spalding LLP*, No. 17-CV-3392 (VEC), 2019 WL 4673554, at *10 (S.D.N.Y. Sept. 24, 2019); *see Roniger*, 2000 WL 1191078, at *5 ("[T]his does not mean the [the expert] may not testify regarding [the plaintiff's] job search efforts. It is proper for [the expert] to do so to the extent that his testimony offers information that is relevant to the issue of [the plaintiff's] mitigation and that lies outside the knowledge of a layperson."). Moreover, to the extent that Franchitti objects to some of the sources Wexler and Turner cite to support their joint assessment of Franchitti's job search efforts, *see* Pl.'s Mem. 13, the proper means of challenging them is through cross-examination, not exclusion. *See Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002) ("[V]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." (citing *Daubert*, 509 U.S. at 596)).

Second, Franchitti argues that Wexler and Turner's opinion as to the amount of time it would have taken Franchitti to find comparable employment should be excluded. *See* Pl.'s Mem. 13-16. Specifically, Franchitti objects to Wexler and Turner's conclusion that "if Dr. Franchitti had exercised a diligent, full-time job search of consistent and diverse activities, in four to six months he would have been hired in an Information Technology Management, Consulting, or similar role." Wexler and Turner Report 22. Franchitti complains that Wexler and Turner are neither qualified to offer this opinion, *see* Pl.'s Mem. 15-16, nor provide sufficient support for their conclusion, *see id.* at 14-15. The Court disagrees. As to qualifications, the Court is satisfied that Turner's professional experience — including prior expert-witness work — renders him sufficiently qualified to opine on the matter. *See, e.g., Noel v. City of New York*, No. 15-CV-5236 (LTS), 2023 WL 3170430, at *3 (S.D.N.Y. Apr. 28, 2023) ("It is well settled that an expert witness may be qualified based merely on their experience,

rather than by education or training."). And as to the reliability of Wexler and Turner's opinion about the duration of a reasonable job search for someone in Franchitti's position, the Court agrees that Wexler and Turner's assessment is admissible, substantially for the reasons articulated in Cognizant's opposition. *See* Defs.' Opp'n 11-13. In short, Wexler and Turner's use of general studies and their analysis of Franchitti's age, skill set, labor market, actual job openings in his field, and unemployment rates, taken together, is sufficient. To the extent Franchitti believes otherwise, his remedy is "vigorous cross-examination" and "presentation of contrary evidence." *Amorgianos*, 303 F.3d at 267 (cleaned up).

In sum, Franchitti's motion to exclude is GRANTED in part and DENIED in part.

**B. Cognizant's Motion**

Cognizant seeks to exclude the opinions of Roberto J. Cavazos, whom Franchitti seeks to call to rebut the opinions of Wexler and Turner. The Court has "wide discretion in determining whether to permit evidence on rebuttal." *United States v. Tejada*, 956 F.2d 1256, 1266 (2d Cir. 1992). Notably, "[t]he task of a rebuttal expert is different from that of an affirmative expert. A rebuttal expert, by nature, criticizes the methodology and/or opinions of another. There is no requirement that a rebuttal expert himself offer a competing analysis." *Focus Products Grp. Int'l, LLC v. Kartri Sales Co., Inc.*, 647 F. Supp. 3d 145, 246 (S.D.N.Y. 2022) (internal quotation marks omitted). That said, "rebuttal experts must [still] meet *Daubert*'s threshold standards regarding the qualifications of the expert, sufficiency of the data, reliability of the methodology, and relevance of the testimony." *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 44 (S.D.N.Y. 2016) (collecting cases). Put differently, "the standard for a rebuttal expert witness is the same as for any expert witness." *Redcell Corp. v. A.J. Trucco, Inc.*, No. 20-CV-0018 (AT) (SLC), 2022 WL 3700148, at *11 (S.D.N.Y. Aug. 26, 2022) (internal quotation marks omitted).

Applying these standards, the Court agrees with Cognizant that Cavazos is not qualified to rebut the employability report because he lacks the relevant expertise in recruiting and career counseling or in Franchitti's industries — that is, information technology and consulting. Defs.' Mem. 8-9. Although Cavazos has a professional and educational background in economics, *see* Cavazos Report ¶ 2, he has no experience working as a recruiter or career counselor, has neither taken nor taught courses on career counseling or job search efforts, and has never even provided advice on strategies for finding a new job, *see* ECF No. 149-3, at 14-15. The closest Cavazos has been to providing career coaching is in his capacity as a university professor, "help[ing] students try to get employment and giv[ing] them ideas." *Id.* at 16, 49. But that does not qualify him to opine on Turner's expert opinions regarding Franchitti's job search. Put simply, "there is simply nothing in [Cavazos's] experience, training, or education that endows him with specialized knowledge of job search techniques, in [Franchitti's] industry or otherwise." *Dollman v. Mast Indus., Inc.*, No. 08-CV-10184 (WHP), 2011 WL 3911035, at *4 (S.D.N.Y. Sept. 6, 2011). Moreover, to the extent that Cavazos would testify that Turner (and, if she were permitted to testify, Wexler) failed to consider certain facts in the record or made basic methodological errors, a rebuttal expert is not necessary to "help the trier of fact." Fed. R. Evid. 702(a). Franchitti can raise any such objections through vigorous cross-examination of Turner, presentation of contrary evidence, and argument to the jury.

Accordingly, Cognizant's motion to exclude is GRANTED, and Cavazos is precluded from testifying as an expert witness at trial.

## CONCLUSION

For the foregoing reasons, Franchitti's motion to preclude Wexler's and Turner's testimony is GRANTED in part and DENIED in part, and Cognizant's motion to preclude

Cavazos's testimony is GRANTED. The upshot is that only Turner may testify as an expert witness at trial. Finally, as discussed above, Cognizant is hereby ORDERED to reproduce to Franchitti a copy of the Wexler and Turner Report with any portions that Turner does not adopt as his own stricken though, no later than **two weeks after the date of this Opinion and Order**.

The Clerk of Court is directed to terminate ECF Nos. 148 and 150.

SO ORDERED.

Dated: July 29, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge