UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                               :

JEAN-CLAUDE FRANCHITTI,                  :

                            :

              Plaintiff,           :

                            :             21-CV-2174 (JMF)

        -v-                  :

                            :

COGNIZANT TECHNOLOGY SOLUTIONS     :        MEMORANDUM OPINION
CORPORATION et al.,                  :            AND ORDER

                            :

             Defendants.        :

                            :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Trial in this case, brought by Jean-Claude Franchitti against Cognizant Technology

Solutions Corporation and Cognizant Technology Solutions U.S. Corporation (together,

"Cognizant") and familiarity with which is assumed, is scheduled to begin on March 23, 2026.

*See* ECF No. 182. In advance of trial, each side has filed motions *in limine*. *See* ECF Nos. 164

("Defs.' Mem."), 167 ("Pl.'s Mem."). The Court rules on these motions as follows.

### PLAINTIFF'S MOTIONS *IN LIMINE*

- **Plaintiff's Motion *in Limine* #1 (to preclude testimony and evidence regarding Dr. Franchitti's prior lawsuits against J. Crew and Bloomberg and Judge Kaplan's negative credibility finding in the *Bloomberg* case):** The motion is GRANTED. Cognizant claims to offer evidence of the other lawsuits to prove motive and intent, not litigiousness. ECF No. 169 ("Defs.' Opp'n"), at 1-4. But those purposes themselves depend on propensity inferences that are prohibited by Rule 404(b) of the Federal Rules of Evidence. *See, e.g.*, *Becker v. ARCO Chem. Co.*, 207 F.3d 176, 191 (3d Cir. 2000) ("[W]hen a proponent of Rule 404(b) evidence contends that it is both relevant and admissible for a proper purpose, the proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." (internal quotation marks omitted)). In any event, the mere fact that Dr. Franchitti brought similar lawsuits against other employers over two decades ago has only limited probative value in this case, and that probative value is substantially outweighed by the danger of, among other things, unfair prejudice and wasting time. *See* FED. R. EVID. 403. Admittedly, whether Cognizant should be permitted introduce

Judge Kaplan's negative credibility finding presents a closer question, but the Court concludes that it should not, for two reasons.  First, as Plaintiff argues, *see* Pl.'s Mem. 5, courts have held that "[j]udicial findings in other cases proffered as evidence are generally characterized as inadmissible hearsay," *Blue Cross & Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*, 141 F. Supp. 2d 320, 323 (E.D.N.Y. 2001); *accord Palmer v. Cognizant Tech. Sols. Corp.*, No. 17-CV-6848 (DMG) (PLAx), 2023 WL 4155403, at *4 (C.D. Cal. June 1, 2023).  Cognizant does not respond to that point and, thus, has forfeited any argument to the contrary.  Second, and in any event, given, among other things, the passage of time, the undue significance a jury would likely give to the evidence, and the need to avoid a distracting side show, the Court concludes that the evidence should be excluded under Rule 403.  *See, e.g.*, *Palmer*, 2023 WL 4155403, at *4.

- **Plaintiff's Motion *in Limine* #2 (to preclude testimony and exhibits relating to Dr. Franchitti's business expenses at Cognizant):** The motion is GRANTED in part and DENIED in part.  It is denied as to the emails between Dr. Franchitti and his manager (DX-18, DX-19, DX-21, DX-27, and JX-13), substantially for the reasons set forth in Cognizant's opposition — namely, that the emails are evidence of Dr. Franchitti's alleged insubordination, which was one of the reasons Cognizant cited for Dr. Franchitti's termination.  *See* Defs.' Opp'n 7-8.  But that rationale — which, as Cognizant itself notes, does not depend on the propriety of the business expenses at issue, *see id.* at 8 — does not extend to the American Express corporate card member agreement signed by Dr. Franchitti (DX-8) or the American Express statements (DX-48).  Moreover, Cognizant does not respond to Dr. Franchitti's arguments with respect to either those exhibits or the "evidence of the parties' dispute regarding Cognizant's non-payment of Dr. Franchitti's business expenses and resolution of the same," Pl.'s Mem. 8, and thus has forfeited any arguments against exclusion of those exhibits.  Accordingly, the motion is granted as to them.  If requested by Dr. Franchitti, the Court is prepared to give a limiting instruction to the jury (to the effect that the email evidence is relevant only to the issue of insubordination and that Cognizant did not terminate Dr. Franchitti for improper business expenses).  If Dr. Franchitti wants an instruction, he should confer with Cognizant and file a proposed instruction no later than the **day before the final pretrial conference**.

- **Plaintiff's Motion *in Limine* #3 (to preclude testimony of Jvonne Telfair in her personal capacity):** The motion is DENIED.  Insofar as Dr. Franchitti argues that the coding of his termination is evidence that Cognizant's proffered reasons were pretextual, *see* Pl.'s Mem. 12-13, Cognizant may call Ms. Telfair to testify about the circumstances under which that code was generally used, *cf.* Fed. R. Evid. 406 ("Evidence of . . . an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the . . . routine practice.").  To be clear, that does not mean that Ms. Telfair may testify as to the accuracy of Dr. Franchitti's termination code specifically or to the accuracy of Cognizant's termination codes generally.  By the same token, unless Cognizant opens the door to it, Dr. Franchitti may not introduce evidence regarding the accuracy (or inaccuracy) of the termination codes for *other* employees — especially insofar as he

does not appear to dispute the accuracy of his termination code (to the contrary, his argument that it is evidence of pretext assumes its accuracy).

### DEFENDANT'S MOTIONS *IN LIMINE*

- **Defendant's Motion *in Limine* #1 (to preclude Plaintiff from asserting "new claims or theories"):**  The motion is GRANTED in part and DENIED in part as follows:

  - To the extent that the motion seeks to preclude Dr. Franchitti from asking the jury to find that he was terminated in retaliation for raising concerns about *age* discrimination — as opposed to discrimination on the basis of race and national origin — it is GRANTED.  Put simply, neither the original Complaint, *see* ECF No. 2, nor the operative Amended Complaint, *see* ECF No. 46 ("FAC"), allege a claim of retaliation on that basis.  Were there any doubt on that score, it would be settled by Dr. Franchitti's response to Cognizant's motion to dismiss the Amended Complaint, which, in relevant part, argued only that "Mr. Franchitti alleges that Cognizant retaliated against him by terminating his employment in 2016 after he complained of race and national origin discrimination."  ECF No. 58, at 7.  Contrary to Dr. Franchitti's assertions, *see* ECF No. 171 ("Pl.'s Opp'n"), at 1-2, the Amended Complaint's references to "heavy weights" (i.e., more experienced employees) does not suggest otherwise.  First, experience and age are not necessarily the same.  Second, the Amended Complaint alleges only that Cognizant sought to get rid of "non-South Asian 'heavy weights' . . . so that positions would open up for South Asians and Indians."  FAC ¶ 28; *accord id.* ¶ 35.  In fact, the Amended Complaint explicitly alleges that Cognizant treated "South Asian 'heavy weights'" more favorably, *id.* ¶ 36, confirming that the references to "heavy weights" are in service of Dr. Franchitti's argument that Cognizant discriminated on the basis of race and national origin.

  - To the extent that the motion seeks to preclude Dr. Franchitti from testifying that he complained about Cognizant's "visa practices," the motion is DENIED.  The Amended Complaint explicitly alleges that Cognizant engaged in visa fraud as part of its discrimination in favor of South Asians and Indians, *see* FAC ¶¶ 23-26, 50, and the record includes evidence that Dr. Franchitti complained to his supervisor about the practice, *see* Pl.'s Opp'n 3 (citing ECF No. 172-2).  Thus, the evidence is inextricably intertwined with, if not directly relevant to, Dr. Franchitti's claim that Cognizant retaliated against him for complaining about discrimination on the basis of race and national origin.  To the extent Cognizant's motion is based on the fact that complaints about visa practices do not qualify as protected activity under the statutes applicable here, *see* Defs.' Mem. 4, the remedy is a curative instruction, not exclusion.

  - Finally, to the extent that the motion seeks to preclude Dr. Franchitti from introducing evidence of his consideration for promotion in 2015, the motion is

DENIED.  Although the Court dismissed Dr. Franchitti's failure-to-promote claim (based on the fact that it was encompassed within his claims in the *Palmer* litigation), *see* ECF No. 70, at 1, 9, evidence that Cognizant considered him for promotion is plainly relevant to whether Cognizant's claim that he was terminated after a years-long record of performance issues was pretextual.  Cognizant's conclusory hearsay objections to unidentified exhibits are denied without prejudice to renewal at trial.

- **Defendant's Motion *in Limine* #2 (to preclude evidence of the EEOC's findings):** To the extent that Cognizant seeks to preclude Dr. Franchitti from introducing the charge he filed with the EEOC (PX-1), the motion is DENIED.[1]  The charge is admissible for the non-hearsay purpose of showing that Dr. Franchitti complained about discrimination on the basis of race and national origin shortly after being terminated, from which the jury could infer that he was concerned, and complained, about such discrimination before his termination.  *Cf. Palmer*, 2023 WL 4155403, at *10 (admitting Dr. Franchitti's EEOC charge on this theory).  To the extent that Cognizant seeks to preclude evidence of the EEOC's findings, the Court reserves judgment.  Absent further order of the Court, the parties should be prepared to address the issue at the final pretrial conference.

- **Defendant's Motion *in Limine* #3 (to preclude evidence of other claims of discrimination):** The Court reserves judgment.  Absent further order of the Court, the parties should be prepared to address the issue at the final pretrial conference.

- **Defendant's Motion *in Limine* #4 (to preclude "other irrelevant witnesses"):** The motion is GRANTED as unopposed with respect to Gary Polreis.  *See* Pl.'s Opp'n 15 n.5.  The Court otherwise reserves judgment.  Absent further order of the Court, the parties should be prepared to address the issue at the final pretrial conference, including whether Dr. Franchitti should be precluded from calling all of the witnesses at issue on the grounds of cumulativeness alone.  *See* FED. R. EVID. 403.

- **Defendant's Motion *in Limine* #5 (to preclude Plaintiff from offering Rule 30(b)(6) testimony):** The motion is DENIED as borderline frivolous (albeit subject to Cognizant's more particularized objections, which the Court will decide in reviewing the parties' designations and counter-designations).  Dr. Franchitti is plainly entitled to offer the testimony of Cognizant's designated Rule 30(b)(6) witness as the testimony of his party opponent.  *See* FED. R. EVID. 801(d)(2); FED. R. CIV. P. 32(a)(3); *see also AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 17-CV-598 (BKS) (CFH), 2022 WL 4333555, at *2 (N.D.N.Y. Sept. 19, 2022) ("While Federal Rule of Evidence 602 generally limits a witness's trial testimony to matters within that

---

[1]     That said, in light of the Court's ruling with respect to Defendants' first motion *in limine*, the charge should be redacted to remove any references to age discrimination.  The parties should promptly confer in an effort to reach agreement on any appropriate redactions.

witness's personal knowledge, an *adverse party* may use another party's Rule 30(b)(6) deposition testimony for "any purpose." (quoting FED. R. CIV. P. 32(a)(3))).

- **Defendant's Motion *in Limine* #6 (to preclude evidence of other litigation between Cognizant and Plaintiff):** To the extent the motion seeks to exclude evidence of Dr. Franchitti's *qui tam* action against Cognizant, the motion is GRANTED as unopposed. *See* Pl.'s Opp'n 20 n.6. To the extent that it seeks to exclude evidence of Cognizant's lawsuit against Dr. Franchitti and others for violating the terms of non-disclosure agreements, the motion is DENIED. Such evidence is admissible "to show that Cognizant went to apparently extraordinary lengths to avoid or punish [Dr. Franchitti] for [his] claims" and "bear[s] on credibility." *Palmer*, 2023 WL 4155403, at *7 (denying Cognizant's motion to exclude the same evidence). At a minimum, "it is relevant . . . to [Dr. Franchitti's] request for punitive damages." *Id.* To the extent that the motion seeks to exclude evidence of the *Palmer* litigation, the Court reserves judgment. Absent further order of the Court, the parties should be prepared to address the issue at the final pretrial conference.

- **Defendant's Motion *in Limine* #7 (to preclude character evidence related to Cognizant's CEO):** The motion is GRANTED unless, as in the cases cited by Dr. Franchitti, Cognizant opens the door to the evidence through evidence or testimony suggesting that its record is unblemished. *See* Pl.'s Opp'n 21 (citing *Stone v. C.R. Bard, Inc.*, No. 02-CV-3433 (WHP), 2003 WL 22902564 (S.D.N.Y. Dec. 8, 2003); and then *Hickson Corp. v. Norfolk S. Ry. Co.*, 227 F. Supp. 2d 903 (E.D. Tenn. 2002)). The evidence is not admissible under Rule 609 of the Federal Rules of Evidence because, as Dr. Franchitti concedes, *see* Pl.'s Opp'n 20 n.7, 21, neither Cognizant nor any of its employees was convicted of a crime. Nor may Dr. Franchitti inquire about the matter on cross-examination pursuant to Rule 608(b), as the evidence is not probative of the character for truthfulness or untruthfulness of any "witness" at trial. FED. R. EVID. 608(b). In any event, the Court finds that any such probative value is substantially outweighed by the dangers of unfair prejudice, confusion, and undue delay. *See* FED. R. EVID. 403; *see also* FED. R. EVID. 404(b)(1).

- **Defendant's Motion *in Limine* #8 (to preclude Plaintiff from testifying that he has had panic attacks):** The motion is GRANTED in part and DENIED in part. Dr. Franchitti plainly may testify about his emotional state before and after his experiences at Cognizant, including the symptoms that he experienced. That said, insofar as a "panic attack" is a diagnosable medical condition, *see* Defs.' Mem. 21 (citing sources), and Dr. Franchitti is not a medical doctor, Dr. Franchitti may not testify that he experienced a "panic attack" *per* se, let alone that Cognizant caused his symptoms, *see* FED. R. EVID. 702; *Grabin v. Marymount Manhattan Coll.*, 659 F. App'x 7, 10 (2d Cir. 2016) (summary order) (holding that the district court properly precluded the plaintiff from testifying about a medical diagnosis and its cause because such testimony was "not an opinion that [was] rationally based on [the plaintiff's] own perception and [was] instead based on scientific knowledge").

- **Defendant's Motion *in Limine* #9 (to preclude Plaintiff from seeking economic damages):** The motion is DENIED.  First, to the extent that Cognizant seeks to preclude Dr. Franchitti from seeking "economic damages," its motion is procedurally improper.  *See, e.g.*, *CP III Rincon Towers, LLC v. Cohen*, No. 10-CV-4638 (JMF), 2021 WL 5771878, at *1 (S.D.N.Y. Dec. 6, 2021) ("[A]n *in limine* pleading . . . is generally not the appropriate vehicle for effecting dismissal of entire claims." (internal quotation marks omitted)); *see also, e.g.*, *Broadspring, Inc. v. Congoo, LLC*, No. 13-CV-1866 (JMF), 2014 WL 7392905, at *8 (S.D.N.Y. Dec. 29, 2014) (denying the defendants' motions *in limine* where, "although they nominally s[ought] exclusion of evidence, they [were], in reality, requests for judgment as a matter of law on aspects of [the] [p]laintiff's claims" and they "could have raised those arguments on summary judgment, but failed to do so").  Second, Dr. Franchitti plainly may testify about his job search even if such testimony is not corroborated by documentary evidence.  The lack of documentary evidence may bear on credibility, but it does not warrant exclusion.  Finally, under the New York State Human Rights Law, "any form of money damages, including front pay, is a legal remedy to be decided by the jury." *Chisholm v. Mem'l Sloan-Kettering Cancer Ctr.*, 824 F. Supp. 2d 573, 576 (S.D.N.Y. 2011).  Accordingly, the Court will submit the issue of front pay to the jury.

- **Defendant's Motion *in Limine* #10 (to bifurcate the issue of punitive damages):** The motion is DENIED.  "Whether to bifurcate a trial into liability and damages phases is a matter within the sound discretion of the trial court." *Zhang v. Rosenbaum, Famularo & Segall, P.C.*, No. 22-CV-1422 (SIL), 2025 WL 622548, at *3 (E.D.N.Y. Feb. 25, 2025) (internal quotation marks omitted).  "Bifurcation is the exception; not the rule," and "in establishing that bifurcation is warranted, the burden falls squarely on the party seeking bifurcation." *Doe 1 v. U.S. Twirling Ass'n, Inc.*, No. 22-CV-5399 (OEM) (ST), 2024 WL 1858230, at *1-2 (E.D.N.Y. Apr. 28, 2024) (internal quotation marks omitted).  Here, Cognizant fails to demonstrate that a departure from "the norm of a single trial" is warranted, *Zhang*, 2025 WL 622548, at *3 (internal quotation marks omitted), as it does not explain how evidence of its financial condition would be especially prejudicial.  In any event, such evidence is likely admissible even with respect to liability to show Cognizant's growth over time, which may be "probative as to why Dr. Franchitti's complaints were a threat to Cognizant and gave Cognizant a motive to fire Dr. Franchitti."  Pl.'s Opp'n 28.

*          *          *          *

The Clerk of Court is directed to terminate ECF Nos. 163 and 165.

SO ORDERED.

Dated: February 24, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge