# Morgan Lewis

**Klair Fitzpatrick**
Partner
+1.215.963.4935
klair.fitzpatrick@morganlewis.com

April 29, 2026

**VIA ECF**

Hon. Jesse M. Furman
U.S. District Court for the Southern District of New York
500 Pearl Street
Courtroom 24B
New York, NY 10007

> **Re:** ***Franchitti v. Cognizant Technology Solutions Corp., et al.*, No. 21-cv-02174-JMF**
> **Request to Stay Deadline to Respond to Motion for Attorneys' Fees**

Dear Judge Furman:

Pursuant to the Court's April 20, 2026 Order (Dkt. 214), Defendants Cognizant Technology Solutions Corporation and Cognizant Technology Solutions U.S. Corporation (collectively, "Cognizant") renew their request to stay Cognizant's deadline to respond to Plaintiff Jean-Claude Franchitti's bill of costs, Dkt. No. 209, and motion for attorneys' fees, Dkt. No. 210, until this Court resolves its Post-Trial Motions (Dkt. 217). Cognizant further requests that this Court stay execution of judgment until this Court rules on the pending motions (Dkt. Nos. 209-217), including because such judgment is non-final in light of the pending request for additional monetary awards.

Cognizant's Post-Trial Motions will necessarily impact Plaintiff's request for attorneys' fees, and, in turn, the amount of the judgment. The Court previously recognized that Cognizant had strong Rule 50(a) arguments that Franchitti failed to prove the causation element of his retaliation claim as a matter of law. Tr. 779:4–6 ("I think on the causation front I certainly agree you have strong arguments on that front). Likewise, the Court expressed reservations about Franchitti's credibility, noting that "I have my own views I think about the credibility of Dr. Franchitti's testimony." Tr. 777:19–21. Even if Cognizant's motions are unsuccessful, Dr. Franchitti will increase the costs, fees, and interest due him.

Accordingly, Cognizant respectfully requests that the Court stay briefing on Franchitti's bill of costs and motion for attorneys' fees and stay the judgment because the total amount awarded to Franchitti will change and is non-final. *Cf. Passenti v. Veyo*, LLC, No. 21-CV-01350 (SRU), 2022 WL 17261411, at *16 (D. Conn. Nov. 29, 2022) (explaining that the "Court reserves on the issue of attorney's fees and costs incurred for filing these motions" until it issues "a ruling on dispositive motion(s)."); *Alessi Equip., Inc. v. Am. Piledriving Equip., Inc.*, 160 F.4th 38, 47–48 (2d Cir. 2025) ("prejudgment interest is part of the compensation due plaintiff, and therefore must generally be determined and set forth in the judgment in order for the judgment to be final." (cleaned up)).

We thank Your Honor in advance for your consideration.

**Morgan, Lewis & Bockius** LLP

2222 Market Street
Philadelphia, PA 19103-3007          **T** +1.215.963.5000
United States                        **F** +1.215.963.5001

Hon. Jesse M. Furman
April 29, 2026
Page 2

Sincerely,

*/s/ Klair Fitzpatrick*
A. Klair Fitzpatrick (*pro hac vice*)

cc:    All counsel (via ECF)

In light of Plaintiff's response, ECF No. 221, Defendants' motion is hereby GRANTED.  The Clerk of Court is directed to terminate ECF No. 219.

SO ORDERED.

May 6, 2026